# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Cr. No. 20-20036
                                     HON. MARK A. GOLDSMITH

v.

JUSTIN CODY SWAIN,

    Defendant.
_____/

**MOTION A DETERMINATION THAT THE DEFENDANT IS INDIGENT FOR PURPOSED OF THE JUSTICE FOR VICTIMS TRAFFICKING ACT**

Defendant, Justin Cody Swain, by his attorney, Richard J. O'Neill of the Federal Community Defender Office, is requesting that this Honorable Court find him indigent, and deny the $5,000.00 per count of the special assessment fee pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014. Defendant files a brief in support and further states:

1.    On October 14, 2021, Mr. Swain was sentenced to 120 months on Count 3 (distribution of child pornography) and Count 4 (possession of child pornography).

2.    During sentencing, the Court addressed the special assessment fee of $5,000.00 per count pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014. Counsel for Mr. Swain objected stating that Mr. Swain was indigent. The Court held that issue and the issue of restitution in abeyance for 90 days.

3. The Justice for Victims of Trafficking Act only permits the increase in the special assessment fee if the defendant is not indigent, 18 U.S.C. § 3014(a).

4. Mr. Swain is indigent and should not be ordered to pay the $5,000.00 per count special assessment fee. Evidence of his indigence includes:

    A. The Court appointed court appointed counsel for Mr. Swain.

    B. Mr. Swain has a G.E.D. and no other education nor vocational certificates, which reduces his future earing capacity.

5. Counsel for Mr. Swain has sought concurrency from the Assistant U.S. Attorney Sarah Youngblood. Ms. Youngblood does not object to a finding of indigency.

WHERREFORE the reasons stated above, in addition to those contained in the brief in support of this motion, Mr. Swain respectfully requests that this Honorable Court find him indigent.

        Respectfully Submitted,

        FEDERAL COMMUNITY DEFENDER OFFICE

        /s/Richard J. O'Neill
        Richard J. O'Neill, P40058
        Deputy Defender
        Attorney for Defendant
        613 Abbott St., Ste 500
        Detroit MI 48226
        Phone: (313) 967-5852
        E-mail: Richard_Oneill@fd.org

Dated: November 18, 2021

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Cr. No. 20-20036
                                                  HON. MARK A. GOLDSMITH

v.

JUSTIN CODY SWAIN,

    Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION A DETERMINATION THAT THE DEFENDANTIS INDIGENT FOR PURPOSED OF THE JUSTICE FOR VICTIMS TRAFFICKING ACT

I.

On October 10, 2021, this Court sentenced Mr. Swain to 120 months on counts 3 and 4. Mr. Swain made a timely objection the imposition of the $5,000.00 per count fee (here, $10,000.00) pursuant to the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014 (a) because he is indigent.

II.

The Justice for Victims of Trafficking Act, 18 U.S.C. § 3014 provides:

Additional special assessment

(a) In general.- Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending September 30, 2021, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000.00 on any non-indigent person or entity convicted of an offense under-

18 U.S.C. § 3014(a).

In *United States v. Shephard*, 922 F.3d 753 (6th Cir. 2019) the Sixth Circuit Court of Appeals held "that the district court must resolve two basic questions in assessing indigency pursuant to the Justice for Victims of Trafficking Act: (1) Is the defendant impoverished *now*; and (2) if so, does the defendant have the means to provide for himself so that he will *not always* be impoverished?" *Id*. at 758.

Regarding the second prong, the Court explained that "the defendant's employment prospects, and earning potential are probative of his ability to pay the assessment-and are fair game for the court to consider at sentencing." *Id.* at 758. In other words, "the district court may consider the defendant's future financial condition-such as his earning potential-when making the indigency determination." *Id*. (citations omitted).

With respect to the first prong, Mr. Swain was found to be indigent and appointed counsel by Magistrate Judge Grand on September 13, 2019, at his initial appearance on the criminal complaint. Mr. Swain has been incarcerated since his initial appearance and has no income. The presentence report, p. 20, ¶ 77, lists his total assets as $500.00 in one checking account, $500.00 in a personal checking account and a vehicle listed at $3,000.00. His liabilities are City Club Apartments – in collection $2,200.00.

As to the second prong as noted in the presentence report on page 19, ¶ 72, Mr. Swain has a G.E.D. While he did have a chauffer's license, that will expire long before he is released from custody. He has no formal education, nor does he have any vocational training. Upon his release from serving a 120-month sentence, Mr. Swain will have a felony conviction and be required to register as a sex offender, both will make him less

employable. Considering these realities, it is reasonable to assume that Mr. Swain does not have a great future earning capacity.

On page 20, ¶ 77 of the presentence report states: "considering the defendant's financial condition, it does not appear Swain has the ability to make nominal payments toward a fine, costs of incarceration, the costs of supervision or JVTA assessments if deemed by the court."

As Judge Merritt pointed out in his dissent in *Shepard*, "If we assume that the defendant will find work, generate capital, or win the lottery at some point in his post incarceration life, then why should he avoid paying the $5,000.00 assessment mandated by Congress? But we can make a different set of assumptions. For example, that a long prison sentence will diminish this offender's employability. Or that prison, rather than rehabilitating, will stigmatize him and lower his earing capacity upon release. The latter series of assumptions is grounded in fact whereas the former is grounded in speculation. He has no money now. Assuming he will have money later is not supported by the record." 922 F.3d. at 761.

Mr. Swain is now serving a 10-year sentence. His financial prospects upon release are less than certain. As Judge Merritt pointed out "The latter series of assumptions is grounded in fact whereas the former is grounded in speculation. He has no money now. Assuming he will have money later is not supported by the record."

For the reasons stated above, Mr. Swain requests that this Honorable Court find that he is indigent and not assess the $10,000.00 for the Justice for Victims of Trafficking Act. Importantly, the government has no objection to the requested relief.

        Respectfully Submitted,

        FEDERAL COMMUNITY DEFENDER OFFICE

        /s/Richard J. O'Neill
        Richard J. O'Neill, P40058
        Deputy Defender
        Attorney for Defendant
        613 Abbott St., Ste 500
        Detroit MI 48226
        Phone: (313) 967-5852
        E-mail: Richard_Oneill@fd.org

Dated: November 18, 2021

## CERTIFICATE OF SERVICE

I, hereby certify that on November 18, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        April Russo
        Assistant United States Attorney
        United States Attorney's Office
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226